UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAIL A. LEFORT,

    Plaintiff,

v.                                                                          CASE No. 8:04-CV-2379-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the partial denial of her claim for Social Security disability benefits.[1] Because the unfavorable portion of the decision of the Commissioner of Social Security erroneously evaluates the functional limitations of the plaintiff's mental impairments, it will be reversed and remanded for further consideration.

I.

The plaintiff, who was fifty years old at the time of the administrative hearing and who has one year of college, has worked as a licensed practical nurse. She filed a claim for Social Security disability

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

benefits, alleging that she became disabled due to bulging disc and benign discogenic marrow changes at L4-L5, left groin sciatica, small right paracentral disc protrusion at T11-T12, mild pancreatitis, total inflamed colon and post traumatic stress disorder (Tr. 72). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of degenerative disc disease of the lumbar spine, a bipolar disorder, post traumatic stress syndrome and a protruding disc in the thoracic spine (Tr. 30). He concluded that these impairments limited the plaintiff to a restricted range of sedentary work involving only simple tasks with a sit/stand option (Tr. 42). The law judge determined that these limitations precluded the plaintiff from returning to past work (id.). However, based upon the testimony of a vocational expert, the law judge decided that there were jobs in the national economy that the plaintiff could have performed, such as a ticket checker, security monitor, or bonder (Tr. 40, 42-43).[2]  The plaintiff was

---

[2] The law judge actually stated two of these jobs as "ticker checker" and "security monitory" (Tr. 40, 42-43). These appear to be typographical errors, since the vocational expert identified the jobs that could be performed as "ticket checker" and "security monitor" (Tr. 361).

therefore found to be not disabled. However, the law judge determined, further, that, under the medical-vocational guidelines, the plaintiff was disabled as of January 15, 2004, when she turned fifty (Tr. 40). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402

U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff filed a claim for Social Security disability benefits alleging an onset date of September 15, 2000 (Tr. 61). As indicated, the law judge issued a partially favorable decision, finding that the plaintiff was not

disabled prior to January 15, 2004, but that, under the medical-vocational guidelines, she was disabled as of that date when she turned fifty. The plaintiff challenges on three grounds the unfavorable portion of the law judge's decision.

The plaintiff claims that the law judge erred in failing fully to consider her mental impairments (Doc. 18, pp. 6-12). Specifically, the plaintiff asserts that the law judge did not adequately set forth the functional limitations that would result from the plaintiff's impairments of bipolar disorder and post-traumatic stress syndrome (id., pp. 8-9).

That argument would fail, if, as the law judge found, the plaintiff had only "mild limitations in the area of activities of daily living, and social functioning" (Tr. 37). In that event, the law judge could reasonably conclude that a restriction to simple tasks, which covers a moderate limitation in concentration, persistence or pace (id.), would adequately include the restrictions from the plaintiff's mental impairments.

The record, however, does not support the law judge's finding that the plaintiff had only a mild limitation in social functioning. Thus, an examining psychiatrist, Dr. Steven DiZio, opined that the plaintiff's "[p]ersonal and social adjustments are impaired to a moderately severe extent"

(Tr. 203). Further, as the law judge noted (Tr. 35), two non-examining reviewing mental health experts stated that the plaintiff had moderate difficulty in maintaining social functioning (Tr. 216, 249). On the other hand, there do not appear to be any opinions from a mental health expert stating that the plaintiff had only a mild limitation in maintaining social functioning. Moreover, the law judge made no attempt to explain his finding on this point. Consequently, the law judge's finding that the plaintiff had only a mild limitation in social functioning is not supported by substantial evidence.

Furthermore, there is no basis in the record for concluding that this error was harmless. Seemingly, the finding that the plaintiff had moderate limitations in social functioning would add functional restrictions beyond a limitation to simple work. In that event, the answer to the hypothetical question relied upon by the law judge is invalid. On the other hand, if for some reason it was thought that a moderate limitation in social functioning would not add more functional restrictions, the law judge needed to provide a cogent explanation for that conclusion. At present, there is no such explanation. Under these circumstances, the law judge's error in finding that the plaintiff had only a mild limitation in social functioning warrants reversal.

In her second argument, the plaintiff asserts that the law judge did not ascertain from the vocational expert whether the jobs she identified were congruent with the Dictionary of Occupational Titles (DOT) (Doc. 18, pp. 13-16). As I have concluded before, this contention is not persuasive because the plaintiff has not shown that any conflicts exist between the identified jobs and the DOT (see id.). Moreover, even if inconsistencies existed between the DOT and the identified jobs, the law judge "may rely solely on the [vocational expert's] testimony" because a "[vocational expert's] testimony 'trumps' the DOT." Jones v. Apfel, 190 F.3d 1224, 1230 (11th Cir. 1999), cert. denied, 529 U.S. 1089 (2000).

Finally, the plaintiff contends that the law judge wrongfully applied the age portion of the medical-vocational guidelines in a mechanical manner (Doc. 18, pp. 16-18). This contention is frivolous. In determining that the plaintiff was not disabled, the law judge did not rely solely on the medical-vocational guidelines, but rather used the testimony of a vocational expert (Tr. 39-40). The law judge only mechanically applied the age guidelines in the plaintiff's favor by finding that she was disabled as of her fiftieth birthday (Tr. 40).

It is, therefore, upon consideration

ORDERED:

That the unfavorable aspect of the decision of the Commissioner is not supported by substantial evidence and is therefore REVERSED and REMANDED for further consideration. The Clerk is directed to enter judgment accordingly and close this case.

DONE and ORDERED at Tampa, Florida, this <u>10th</u> day of March, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE